Samuels, J.
Joseph McReynolds, by his last will, devised that his wife Rebecca McReynolds, during her life, should have the use and profits of all his real estate, as a home and support for her during her life, and, after her death, to pass unencumbered in absolute fee simple to his son Isaac, who is the appellant here. The personal estate, after payment of his debts, the testator directed to be divided into eight equal shares, one of which he gave to each of his seven living children, and one to the children of a deceased son. The widow waived and renounced the provision made for her by the will of her husband, and claimed her dower in the real estate, and her distributive share in the personal estate, as if her husband had died intestate. After this renunciation, the widow’s dower not having been assigned to her, she continued for some years to occupy the land. 1 Rev. Code, ch. 107, § 2, p. 403. A bill was then filed by some of the children of Joseph McReynolds for the purpose of assigning the widow’s dower, and making partition of the other two-thirds, and seeking an account of the rents and profits thereof. The Circuit court approving the principles asserted in the bill, by its decree directed an assignment of one-third of the real estate as dower; a partition of the two-thirds into eight parts among the eight children of Joseph McReynolds or their heirs or vendees, and an account of the rents and profits of the two-thirds from the time of the waiver and renunciation. From that decree an appeal is taken to this court.
- I am of opinion the Circuit eourt erred in its de *244 cisión in regard to the rights of the parties as created and defined by the will of Joseph McReynolds, and as subsequently varied by the waiver and renunciation of Rebecca McReynolds the widow. The true construction of the will gave to Rebecca McReynolds an estate for life in all the testator’s land, with remainder in fee to Isaac McReynolds. The waiver and renunciation placed the widow in precisely the same condition she would have occupied if her husband had died without a will. She had the right to occupy the mansion house and land belonging thereto without rent, until her dower was assigned. In this case the only land owned by the testator was the land belonging to the mansion house. She might occupy the land herself, of allow another to do it for her. It was, therefore, error-to direct an account of rents and profits whilst it wag so held either by her or by Isaac McReynolds with her permission. After the waiver and renunciation the widow became entitled to a distributive share of one-third of the personal estate after payment of funeral expenses and just debts, and to dower in one-third of the real estate. 1 Rev. Code, ch. 104, § 26, p. 381; 1 Rev. Code, ch. 107, § 11, p. 403. The re-: maining two-thirds, as a consequence of the waiver, would have passed at once into the possession of the remainderman, if no equity attached in favor of other-persons. 6 Bac. Abr. title Remainder and Reversion, letter G., p. 756, 7 and 8; 2 Rolle’s Abr. 415, pl. 4, 5, 6, 7, 9; Moor’s Reports 519. The widow, by her renunciation of the will, disappointed the legatees to the extent of one-third of their respective legacies; by. her waiver she gave up a life estate in two-thirds of the real estate. Familiar principles of equity autho-, rize and require courts of chancery jurisdiction to sequestrate the property thus given up, and appro-, priate its profits to indemnify the legatees for their-, disappointment. Kinnaird's ex'or v. Williams' adm'r, 8 *245 Leigh 400; Dillon v. Darker, 1 Swanst. R. 359; Gretton v. Haward, 1 Swanst. R. 409. The widow in this case having asserted her rights in opposition to the will, the interests which the will attempted to confer on her should be applied to indemnify the legatees for their loss, if any, consequent upon her taking a distributive share of the personal estate. The general rule, if allowed to prevail in this case, would require the sequestration of Rebecca McReynolds’ life estate in the two-thirds of the land until the avails might indemnify the disappointed legatees, and then allow her to enjoy them until her death. The case before us, however, is withdrawn from the operation of the general rule by the statute, which puts an end to all her interest under the will, when she waived its provisions. After the legatees shall have been indemnified for their disappointment, the two-thirds should pass into the hands of Isaac McReynolds, the remainderman.
Applying these principles to the case, I am of opinion to affirm so much of the decree as directs the assignment of dower to Rebecca McReynolds; to reverse so much of it as directs an account of the rents and profits of the remaining two-thirds of the land, and as directs a partition thereof amongst the heirs of Joseph. McReynolds, with costs to the appellant; to remand the cause to the Circuit court with directions to ascertain to what amount, if any, the legatees in Joseph McReynolds’ will have been disappointed by the renunciation of the widow, and to cause the rents and profits during Rebecca McReynolds’ lifetime, of two-thirds of the land to be applied as far as may be necessary to indemnify those legatees; and after full indemnification to the legatees, or after Rebecca McReynolds’ death, whichever shall first occur, to place the land in the hands of Isaac McReynolds.
*246 The decree was as follows:
It seems to the court here, that so much of the decree of the Circuit court as directs ah assignment of dower to Rebecca McReynolds in the estate of her late husband, Joseph McReynolds, is correct. But it further seems to the court here, that there is error in that part of the decree which directs an account of the rents and profits of the remaining two-thirds of Joseph McReynolds’ land, and which directs partition thereof. It is therefore adjudged, ordered and decreed that so much of said decree as is hereby declared to be correct, be affirmed; and so much of it as is declared to be erroneous, be reversed and annulled; and that the appellees pay to appellant his costs expended in prosecuting his appeal here. It is further adjudged, ordered and decreed that the cause be remanded to the Circuit court, with directions to ascertain to what amount, if any, the legatees named in Joseph McReynolds’ will, have been disappointed by the renunciation of the widow; and that for a period not exceeding the lifetime of Rebecca McReynolds, the rents and profits of the two-thirds of the land left, after assigning dower,be taken under the control of the court, and applied to indemnify the legatees for such disappointment. After indemnification to the legatees, or after the death of Rebecca McReynolds, whichever shall first occur, it is further adjudged and ordered that the land be placed in the hands of Isaac McReynolds, the remainderman.